IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **ALONZO FREEMAN,** | ) |
| **Plaintiff,** | ) |
| v. | ) CIVIL ACTION NO. 5:09-CV-395 (MTT) |
| **PERDUE FARMS, INC.,** | ) |
| **Defendant.** | ) |

## ORDER

Before the Court is the Plaintiff's Amended Motion to Quash (Doc. 50) the Defendant's deposition notices. The Court held a hearing on the Plaintiff's motion January 31, 2013.

This matter is set for trial beginning March 4, 2013. The Defendant seeks to depose several out-of-state witnesses by video conference for the purpose of preserving testimony for use at trial. The depositions are not being taken for the purpose of discovery. Nevertheless, the Plaintiff contends that the Defendant's deposition notices should be quashed because the depositions were not taken during the discovery period. The Court disagrees and the Plaintiff's motion is **DENIED**.

Depositions taken to preserve testimony are not discovery and they are not subject to the discovery deadlines set in the Parties' Scheduling Order.[1] Nevertheless, the Plaintiff argues that the Defendant knew of the unavailability of the four witnesses

---

[1] This Court's standard Rule 16 and 26 Order, which provides instructions for the preparation of the Parties' Scheduling Order, makes clear that testimony preservation depositions are not required to be convened during the discovery period. That Order was not entered here because the case initially was assigned to Judge Lawson.

-2-

during the discovery period and thus was required to convene their depositions before the expiration of the discovery period.  The procedural path of this case illustrates the fallacy of this argument.  After the close of discovery, the Defendant, like almost every defendant in a Title VII case, moved for summary judgment.  The Court granted that motion.  As it turned out, the Eleventh Circuit reversed this Court.  Until then, the Parties had no reason to think that testimony preservation depositions would be necessary.

Yet, the Plaintiff's argument would require parties to convene testimony preservation depositions before the filing of dispositive motions, and long before there is any indication that the case will be tried.  Given that few cases, for whatever reason, are tried, it would make no sense to force the parties to incur the considerable expense of taking testimony preservation depositions in every case notwithstanding the small likelihood that the case would be tried.  Given this, it is no surprise that, to the knowledge of this Court, no judge has ever required parties to take the testimony preservation depositions during the discovery period.

Accordingly, the Plaintiff's Amended Motion to Quash is **DENIED**.

**SO ORDERED,** this 1st day of February, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT