IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ALONZO FREEMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:09-CV-395 (MTT) |
| PERDUE FOODS, LLC, | ) ) ) |
| Defendant. | ) ) |

## ORDER

Before the Court is the Plaintiff's motion for new trial or, in the alternative, to set aside the jury verdict. (Doc. 84). For the following reasons, the motion is **DENIED**.

### I. BACKGROUND

The Plaintiff filed this lawsuit against his employer alleging discrimination based on race, age, and disability in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq*. (Doc. 1). This Court granted summary judgment to the Defendant on all of the Plaintiff's claims and dismissed his complaint. (Doc. 39). The Plaintiff appealed. The Eleventh Circuit partially reversed and remanded for trial the Plaintiff's Title VII race-based retaliation and termination claims. (Doc. 43); *Freeman v. Perdue Farms Inc.*, 496 Fed. Appx. 920 (11th Cir. 2012). At the heart of these claims was the allegation that the Plaintiff had found a foot-long hangman's noose in a supervisor's desk and then been fired when he complained about it. Following a four day trial in April 2013, the jury

returned a verdict for the Defendant on both the retaliation and wrongful termination claims. (Doc. 81). The Plaintiff timely filed the present motion asking for a new trial pursuant to Fed. R. Civ. P. 59(a) or for the Court to set aside the jury's verdict pursuant to Fed. R. Civ. P. 60(b)(3).[1] (Doc. 84).

## II.  DISCUSSION

The Court may grant a new trial to any party on all or some of the issues and "for any reason for which a new trial has heretofore been granted in an action at law in federal court...." Fed. R. Civ. P. 59(a)(1)(A). Grounds for seeking a new trial are "that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving; and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury." *Montgomery Ward & Co. v. Duncan,* 311 U.S. 243, 251 (1940). "Because it is critical that a judge does not merely substitute his judgment for that of the jury, new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great – not merely the greater – weight of the evidence." *Lipphardt v. Durango Steakhouse of Brandon, Inc.,* 267 F.3d 1183, 1186 (11th Cir. 2001) (internal quotation marks omitted). Whether to grant a motion for new trial is at the sound discretion of the trial court. *Hessen for Use and Benefit of Allstate Ins. Co. v. Jaguar Cars, Inc.*, 915 F.2d 641, 644 (11th Cir. 1990).

---

[1] Rule 60 is not the appropriate means for seeking relief at this juncture because the judgment is still subject to Rule 59 and appellate review. But even as to the substance of the Plaintiff's allegation that defense counsel intentionally misrepresented to the jury the identity of the person who fired him, the Plaintiff offers no support for this conclusion. Further, the Court observed no misconduct at trial. Accordingly, to the extent the Plaintiff seeks relief pursuant to Rule 60, his motion is **DENIED**.

As grounds for a new trial, the Plaintiff argues he sufficiently proved at trial that he engaged in statutorily protected activity by complaining about the hangman's noose to Human Resources Manager Maria Rivera and Director of Operations Tom Lee. He further complains that the Defendant had conceded this point on summary judgment and appeal but then contested it at trial. Regarding his wrongful termination, the Plaintiff similarly contends the Defendant presented inconsistent facts. The Defendant did this when, according to the Plaintiff, it represented to the Eleventh Circuit that Rivera, Lee, and Darren Hoffman decided to terminate the Plaintiff; when Lee "unequivocally" testified at trial that he was the one who decided to terminate the Plaintiff; and when counsel for the Defendant "misrepresented at trial" that Gary Miller, an African-American human resources executive, made the decision to terminate the Plaintiff. (Doc. 84 at 5).

The Court is not persuaded that these arguments compel a new trial, and the Plaintiff has offered no authority to suggest his contentions have merit.[2] As an initial matter, the Plaintiff seems to contend the Court should have granted him judgment as a matter of law on the issue of whether he engaged in statutorily protected activity. However, the Plaintiff did not move for judgment as a matter of law pursuant to Rule 50 during trial. And even if he had, the Court would not have granted his motion.

It appears the Plaintiff conflates the ideas of simply raising the issue of the noose and engaging in statutorily protected activity. Just because an employee complains does not mean his complaint is protected by statute. To be engaged in statutorily protected activity, the employee must be opposing an employment practice made

---

[2] Indeed, in the section of his brief titled "Argument and Citation of Authority," there is no actual citation of authority.

unlawful by Title VII. 42 U.S.C. § 2000e-3(a). Or, he must at least have a "good faith, reasonable belief that the employer was engaged in unlawful employment practices." *Dixon v. The Hallmark Companies, Inc.*, 627 F.3d 849, 857 (11th Cir. 2010). This means the plaintiff "must not only show that he *subjectively* (that is, in good faith) believed that his employer was engaged in unlawful employment practices, but also that his belief was *objectively* reasonable in light of the facts and record presented." *Id.*

The Defendant at trial very much disputed that the Plaintiff's noose-related conduct qualified as protected activity, and ample evidence was presented to support the jury's finding in this regard. In particular, there was evidence the Plaintiff had not complained about the noose or that he had not complained in good faith because he did not subjectively believe the Defendant was engaged in an unlawful employment practice. This was apparent from the circumstances that brought the Plaintiff to Lee's office, where the noose was "discovered." A disgruntled former employee told the Plaintiff he would find the noose there, and the Plaintiff then took it upon himself to search Lee's desk, which had never been cleaned out after Lee's predecessor departed. The Plaintiff pulled the noose from the back of a desk drawer, where it was buried under other items. Lee knew nothing about its presence or history. The evidence would allow the jury to conclude that, at best, the Plaintiff's conduct amounted to letting Lee and other supervisors know the noose existed or served as commentary on previously resolved events the noose had provoked. At worst, the Plaintiff was setting up his superiors or the Defendant. Witness testimony supports these conclusions: Rivera specifically said the Plaintiff's finding and presentation of the noose was not made in the form of a complaint; Lee testified that he was more upset about

finding the noose than the Plaintiff was; and Miller testified that the Plaintiff didn't mention the noose at all in their initial conversations.[3]

Thus, there was sufficient evidence for a jury to conclude the Plaintiff never subjectively believed the Defendant was engaged in an unlawful employment practice or that, even if he did, his belief was not objectively reasonable. Further, the Plaintiff had every opportunity to cross-examine these and other witnesses regarding the noose and to give his own testimony. But ultimately, whether the Plaintiff engaged in statutorily protected activity upon finding the noose, and which witnesses to believe on this matter, were questions for the jury to decide. That the jury sided with the Defendant does not warrant a new trial.[4]

Additionally, the Defendant's concession for purposes of summary judgment, and on appeal from the grant of summary judgment, that the Plaintiff engaged in statutorily protected expression does not prevent the Defendant from contesting this issue at trial. Clearly, the Defendant was admitting this element of the Plaintiff's prima facie case for efficient disposition of its motion. The Defendant was not binding itself in future proceedings. *See, e.g.*, *Gen. Acc. Fire and Life Assur. Corp., Ltd. v. Akzona, Inc.*, 622 F.2d 90, 92 n.1 (4th Cir. 1980) (upon the appellate court's rejection of the plaintiff's

---

[3] There are no trial transcripts in the record. The Court's description of events taking place at trial is based on its own notes and recollection.

[4] The Plaintiff also suggests, but does not fully articulate, a related argument that he is entitled to a new trial because the Court did not use his proposed verdict form or instructions, which stated in part that "the parties agree that Mr. Freeman engaged in protected activity under the statute…by complaining of a rope in the form of a hangman's noose." (Doc. 84-4 at 9). Instead, the Court constructed its own set of jury instructions and verdict form based on the Eleventh Circuit's pattern instructions that asked the jury to decide if the Plaintiff had engaged in protected activity by complaining about the noose. (Doc. 79 at 13; Doc. 81 at 2). The Plaintiff did not object to these instructions or to the verdict form. In any event, for the reasons discussed herein, the jury had to decide whether the Plaintiff engaged in statutorily protected activity.

summary judgment motion, the plaintiff was no longer bound by concessions it had made for purposes of its motion, and on remand they became issues of fact); *E.C. Ernst, Inc. v. General Motors Corp.*, 537 F.2d 105, 108 (5th Cir. 1976)[5] (appellate court's analysis on appeal from denial of summary judgment is of binding character only with respect to the existence of a genuine triable controversy; its assessment of the facts is not a mandatory blueprint for all subsequent proceedings on remand).

      Further, the Defendant did not concede the Plaintiff's prima facie case through admissions in its pleadings, and its admission on summary judgment and appeal that the Plaintiff engaged in protected activity was not a "judicial admission."  Judicially admitted facts "'are facts established not only beyond the need of evidence to prove them, but beyond the power of evidence to controvert them.'" *Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1178 (11th Cir. 2009) (quoting *Hill v. Federal Trade Comm'n*, 124 F.2d 104, 106 (5th Cir. 1941)).  Here, there was evidence presented at trial that controverts the Plaintiff's claim that he engaged in statutorily protected activity by complaining about the noose.  Moreover, at trial the Plaintiff never objected to the Defendant's presentation of evidence that he did not engage in statutorily protected activity.  Consequently, he did not preserve the issue for later review.  *See Guijosa-Silva v. Wendell Roberson Farms, Inc.*, 2013 WL 2181086 at *2 (M.D. Ga.) (citing *United States v. Khoury*, 901 F.2d 948, 966 (11th Cir. 1990)).  Because the Plaintiff has not shown any error in the use of this evidence, he cannot receive a new trial.

      Nor does the Plaintiff have grounds for a new trial based on his complaint about purported defense inconsistencies as to who terminated his employment.  It is entirely

---

[5] The Eleventh Circuit has adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

possible for multiple supervisors to claim to have terminated an employee, either because the supervisor contributed to a shared decision or because the supervisor believed it was his decision alone, whether it was or not.  Moreover, as discussed above, the manner in which the Defendant addressed these facts at summary judgment or on appeal does not control their application at trial.  Rivera, Lee, Hoffman, and Miller all testified about their roles in the Defendant's termination, and the Plaintiff cross-examined each.  He had the opportunity to draw out any inconsistencies that may have existed and to argue why they would be material.  That the jury was not persuaded by the Plaintiff's efforts in this regard does not entitle him to a do-over. [6]

### III. CONCLUSION

For the foregoing reasons, the Plaintiff's motion (Doc. 84) for a new trial or to set aside the jury's verdict is **DENIED**.

**SO ORDERED,** this 9th day of August, 2013.

                                                     S/ Marc T. Treadwell
                                                     MARC T. TREADWELL, JUDGE
                                                     UNITED STATES DISTRICT COURT

---

[6] In response to the Plaintiff's motion for new trial, the Defendant raises its own issue of misconduct, in that it invites the Court to sanction the Plaintiff's counsel for filing the motion in bad faith.  (Doc. 89 at 9-10).  The Court agrees the Plaintiff's bases for a new trial are thin.  However, they are not so thin as to suggest his attorney acted in bad faith.  Consequently, the Court will impose no sanctions.